**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NATIONAL SURETY CORPORATION | : | CIVIL ACTION NO. |
| a/s/o PETER AND MARCELLA LEONE | : | 3:10-CV-1330 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MINCHIN BUICK PONTIAC GMC, INC. | : | JUNE 13, 2011 |
| ET AL., | : | |
| Defendants. | : | |

**RULING RE: DEFENDANT PROTECTION ONE ALARM MONITORING INC.'S MOTION TO DISMISS [Doc. No. 15]**

**I.   INTRODUCTION**

On August 20, 2010, National Surety Corporation ("National Surety"), as subrogee of Peter and Marcella Leone, brought this action against defendants Minchin Buick Pontiac, Inc. and Protection One Alarm Monitoring, Inc. ("Protection One").[1]  On October 28, 2010, Protection One filed a Motion to Dismiss the four counts of the Complaint in which it is named.  For the reasons that follow, the court grants Protection One's Motion to Dismiss as to Count Six, the count alleging consumer fraud and misrepresentation.  Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the court treats Protection One's Motion to Dismiss the remaining three counts as a Motion for Summary Judgment.  In an accompanying Notice, the court provides the parties with a schedule for presenting any additional material facts pertinent to the disposition of the

---

[1] Counsel for Protection One indicates in its Motion to Dismiss that the proper name for the corporation is Protection One Alarm Monitoring, Inc.  In this Ruling, the court will refer to the defendant simply as "Protection One."

converted Motion.

## II. STANDARD OF REVIEW

Upon a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally-cognizable claim by making allegations that, if true, would show he is entitled to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'"). The court takes the factual allegations of the complaint to be true, Hemi Group, LLC v. City of New York, 130 S. Ct. 983, 986-87 (2010), and from those allegations, draws all reasonable inferences in the plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 556).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe

3, 604 F.3d 110, 119 (2d Cir. 2010); see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that dismissal was inconsistent with the "liberal pleading standards set forth by Rule 8(a)(2)"). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (citations and internal quotations omitted). Under the Second Circuit's gloss, the plausibility standard is "flexible," obliging the plaintiff "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Boykin, 521 F.3d at 213 (citation omitted); accord Arista Records, 604 F.3d at 120.

## III. FACTUAL BACKGROUND[2]

National Surety provided insurance coverage to Peter and Marcella Leone for real and personal property located at their residence, 1181 Rock Rimmon Road, Stamford, Connecticut. Compl., ¶ 7. Protection One designed, installed, serviced, tested, maintained, and monitored a security and fire alarm system at the Leone residence. Compl., ¶ 11. Protection One provided these services pursuant to a written agreement with the Leones. Compl., ¶¶ 11, 40-41. The Leones paid Protection One on a periodic basis for these services. Compl., ¶¶ 11-12.

---

[2] Taking the factual allegations in the Complaint as true, and drawing all reasonable inferences in favor of National Surety Corporation, the court assumes the following facts for the purposes of the Motion to Dismiss.

On January 27, 2009, around 11:00 p.m., a vehicle in the Leones' garage caught fire. Compl., ¶ 15. The fire alarm system installed by Protection One never sounded at the Leones' residence, and Protection One's central monitoring station never received an alarm signal from the residence. Compl., ¶ 17. As a consequence, Protection One never notified the local fire department of the fire. Id. The fire substantially damaged and destroyed the real and personal property of the Leones. Compl., ¶ 18. If Protection One had notified the fire department of the blaze, the fire department would have responded more swiftly, and the fire would not have caused as much damage. Id.

An investigation later revealed that the fire originated in the engine compartment of a vehicle in the Leones' garage. Compl., ¶ 19. National Surety issued payments to the Leones and now acts as subrogee, seeking to enforce any claims the Leones might have against Protection One. Compl., ¶¶ 21-22.

## IV. DISCUSSION

Protection One moves to dismiss Counts Three through Six of the Complaint, which sound in negligence (Count Three), breach of warranties (Count Four), breach of contract (Count Five), and consumer fraud and misrepresentation (Count Six). For reasons discussed in an accompanying Notice, the court treats Protection One's Motion to Dismiss Counts Three, Four, and Five of the Complaint as a Motion for Summary Judgment, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. In this Ruling, the court considers Protection One's Motion to Dismiss Count Six of the Complaint, which sounds in consumer fraud and misrepresentation.

Protection One argues that National Surety has failed to plead fraud with particularity. "In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks and citation omitted). National Surety does not identify who made allegedly fraudulent statements on behalf of Protection One, when those statements were made, where those statements were made, or why those statements were fraudulent. See especially Compl., Count Six, ¶¶ 44-48. Instead, the Complaint simply alleges that Protection One made "false advertisements, statements, representations, assurances and promises" at an unspecified date, at an unspecified location, through an unspecified agent. National Surety has failed to plead fraud with particularity, and the claim must be dismissed. Because the court finds that National Surety has failed to plead this claim with particularity, the court concludes that it is unnecessary at this time to consider Protection One's additional arguments as to this Count.

Protection One correctly observes in its Reply Memorandum that National Surety failed to respond to its arguments regarding Count Six in its Memorandum in Opposition. See Reply at 10. Accordingly, the court deems this claim abandoned. See Carone v. Mascolo, 573 F. Supp. 2d 575, 591 (D. Conn. 2008).

## V.   CONCLUSION

For the foregoing reasons, Protection One's Motion to Dismiss **[Doc. No. 15]** is **granted** as to Count Six of the Complaint. Absent a motion for permission to replead,

National Surety shall not have the right to replead Count Six in light of its abandonment of the claim.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 13th day of June, 2011.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge